**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0359-17T3

ANTHONY CASTRONOVA,

    Plaintiff-Appellant,

v.

COUNTY OF BERGEN,
BERGEN COUNTY PROSECUTOR'S
OFFICE (BCPO), BERGEN COUNTY
SHERIFF'S DEPARTMENT (BCSD),
STATE OF NEW JERSEY, BERGEN
COUNTY PROSECUTOR, JOHN
MOLINELLI, BERGEN COUNTY
LIEUTENANT BCPO JOHN
HAVILAND, and BERGEN COUNTY
SHERIFF'S DEPARTMENT DETECTIVE
DARYL BAGNUOLO,

    Defendants-Respondents.

_____

        Argued March 6, 2019 – Decided March 22, 2019

        Before Judges Nugent and Reisner.

        On appeal from Superior Court of New Jersey, Law
        Division, Bergen County, Docket No. L-8544-16.

        Eric V. Kleiner argued the cause for appellant.

Frank P. Kapusinski, Assistant County Counsel, argued the cause for respondents County of Bergen, Bergen County Sheriff's Office and Bergen County Sheriff's Office Detective Daryl Bagnuolo (Julien X. Neals, Bergen County Counsel, attorney; Frank P. Kapusinski of counsel and on the brief).

Robert J. McGuire, Deputy Attorney General, argued the cause for respondents State of New Jersey, Bergen County Prosecutor's Office, John Molinelli and John Haviland (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Robert J. McGuire, on the brief).

PER CURIAM

Plaintiff appeals from two orders dated May 26, 2017, dismissing without prejudice his complaint against defendants pursuant to the entire controversy doctrine. He also appeals from two July 21, 2017 orders dismissing his complaint with prejudice on the same grounds, and from a September 1, 2017 order denying reconsideration. We affirm substantially for the reasons stated by Judge Robert C. Wilson in his written opinion issued with the May 26, 2017 orders. We add these brief comments.

We write this opinion for the parties and their counsel, who are familiar with the underlying facts and history of this case. The details were set forth in prior trial court opinions and in our previous opinion in Castronova v. County of Bergen, No. A-0933-15 (App. Div. June 12, 2017), and they need not be

repeated here. Suffice to say that in two successive lawsuits, plaintiff asserted a variety of wrongdoing by Bergen County law enforcement officers, including the Prosecutor and the Sheriff. The trial court dismissed the second lawsuit as having been filed in violation of the entire controversy doctrine.

The Supreme Court most recently addressed the entire controversy doctrine in Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., __ N.J. __ (2019). Most pertinent to this appeal, the Court confirmed that application of the doctrine depends on whether the prior and current litigations arise from "interrelated facts" regardless of whether the "successive claims share common legal issues." Id. at __, slip op. at 18 (quoting DiTrolio v. Antiles, 142 N.J. 253, 271 (1995)). A litigant who, at the time of the first lawsuit, is aware of the essential facts that would support a cause of action against the defendant must ordinarily assert that cause of action in the first litigation, rather than reserving it to be asserted in a future lawsuit. See Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15-16 (1989).

In this case, plaintiff was well aware of the essential facts underlying his second lawsuit, at the time he was litigating his first lawsuit, and he could have amended the first complaint to assert the legal claims arising from those facts. Instead, he withheld those claims and asserted them in a second lawsuit. We

3

agree with the trial judge that the second lawsuit was barred by the entire controversy doctrine. Plaintiff's legal arguments on this appeal are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0359-17T3